JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK SANTIAGO LEON DEL ANGEL, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM BARR, et al., <br><br> Respondents. | Case No. EDCV 20-0474 JLS (PVC) <br><br> **ORDER DIRECTING DEPUTY CLERK TO ADMINISTRATIVELY TERMINATE ACTION PURSUANT TO PETITIONER'S NOTICE OF VOLUNTARY DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)** |

On March 9, 2020, Petitioner Erik Santiago Leon Del Angel, a Special Immigrant Juvenile detainee proceeding through counsel, filed a habeas petition pursuant to 28 U.S.C. § 2241. ("Petition," Dkt. No. 1). The parties stipulated to a stay of this action pending resolution of Petitioner's I-485 Application upon the Government's agreement to release Petitioner on bond with an ankle monitor. (Dkt. No. 9 at 3). The Court granted the stay on March 13, 2020. (Dkt. No. 11). In Petitioner's most recent status report, Petitioner represented that "the parties are close to reaching a resolution of the case that will result in dismissal." (Dkt. No. 14 at 2).

Petitioner subsequently filed a Notice of Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a), by which Petitioner, through counsel, seeks dismissal of this action in its entirety. ("Notice," Dkt. No. 15 at 1.). A petitioner/plaintiff may dismiss

an action without a court order when, as here, the Notice of Dismissal is filed before the opposing party has filed an answer to the pleading or a motion for summary judgment. *See* Fed. R. Civ. P. 41(a) (distinguishing notices of dismissal under Rule 41(a)(1), which do not require a court order, from motions for dismissal under Rule 41(a)(2), which do require a court order). As the Ninth Circuit has explained,

> Under Rule 41(a)(1), a plaintiff has an absolute right voluntarily to dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. *Hamilton v. Shearson-Lehman American Express, Inc.*, 813 F.2d 1532, 1534 (9th Cir. 1987). Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1). *Miller v. Reddin*, 422 F.2d 1264, 1265 (9th Cir. 1970). The dismissal is effective on filing and no court order is required. *Id.* The plaintiff may dismiss either some or all of the defendants -- or some or all of his claims -- through a Rule 41(a)(1) notice. *Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993). Filing a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 934-35 (9th Cir. 1987); *see* 5 Moore's Federal Practice ¶ 41.02[2]. Such a dismissal leaves the parties as though no action had been brought. [citation omitted]

*Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995); *see also Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999) ("Th[e] [filing of notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be

extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.") (quoting *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993)); *Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001) ("Once the notice of dismissal [under Rule 41(a)(1)] has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.").

Dismissal of Petitioner's action was effective under Rule 41(a)(1) upon the filing of his Notice of Dismissal. Accordingly, the Deputy Clerk is DIRECTED to administratively terminate this action without further delay.

IT IS SO ORDERED.

Dated: April 12, 2021

JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

Presented by:

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE